UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURIY V. VASILCHUCK,<br><br>                    Plaintiff,<br><br>       v.<br><br>J. DOERER, et al.,<br><br>                    Defendants. | No.  1:25-cv-00792-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 5) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  Plaintiff filed the instant action on June 30, 2025.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed July 17, 2025.

**I.**

**DISCUSSION**

Plaintiff seeks an injunction directing that the administrative grievance process be available during lockdowns, all outgoing mail be sent out within 72 hours, all incoming mail be delivered within 72 hours of the lockdown, inmates be provided a formal written rejection notice

1

for all mail that is confiscated, suspend the confiscation of inmate legal mail, access to medical treatment twice a week during a lockdown, access to full selection of over the counter medication twice a week during a lockdown, and access to cleaning supplies within 72 hours of the lockdown. (ECF No. 5 at 5-6.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009). It may issue preliminary injunctive relief only if personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit have been established. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

Under Rule 65, an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C). The movant must also give "notice to the adverse party" before the Court can issue injunctive relief. Id. at 65(a). A putative defendant "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend." Murphy Bros., 526 U.S. at 350. The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers, 555 U.S. at 491–93.

Here, the Court has yet to screen Plaintiff's complaint. Therefore, at this early stage of the proceedings, this case lacks an operative complaint that can be served on Defendants. Without an operative complaint and service on Defendants, there is no case or controversy before the Court, City of L.A. v. Lyons, 461 U.S. 95, 102 (1983), and Plaintiff's request for injunctive relief is premature.[1]

///

///

---

[1] Contrary to Plaintiff's contention, the Court has not issued any orders in this case other than granting his application to proceed in forma pauperis on July 1, 2025. (See Docket.)

## II.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for an injunction, filed on July 17, 2025, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 18, 2025**

STANLEY A. BOONE
United States Magistrate Judge