UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURIY V. VASILCHUCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. DOERER, et al.,<br><br>　　　　　Defendants. | No. 1:25-cv-00792-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 10) |

Plaintiff is proceeding pro se in this action filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Plaintiff's complaint in this action was filed on June 30, 2025. (ECF No. 1.)

On July 31, 2025, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

Plaintiff failed to file an amended complaint or otherwise respond to the July 31, 2025 order. Therefore, on September 9, 2025, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 10.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Thus, the operative complaint before the Court is the initial complaint, which as explained below, fails to state a cognizable claim for relief and dismissal of the action is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

1  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
2  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
3  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that
4  "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
5  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The incidents at issue in this complaint took place at the United States Penitentiary in Atwater (USP Atwater).

On or about August 9 to October 9, 2024, USP Atwater was placed on lockdown for 60 days requiring inmates to be confined to their cells for 24 hours a day. During this time, the Unit Team (consisting of Plaintiff's unit manager, case manager, and counselor) were responsible to

1  make administrative remedy forms (including Federal Tort Claims Act forms) available to
2  Plaintiff.  Plaintiff had no way to approach the Unit Team members to request administrative
3  remedy forms.  Plaintiff sent a request via institutional mail to the Unit Team seeking informal
4  resolution of issues.

5      During the lockdown, Plaintiff was "cut off from the world" and denied: (1) access to
6  current events; (2) communication with anyone outside the facility; (3) access to the court; (4)
7  access to medical treatment; (5) access to his personal property; (6) access to cleaning supplies;
8  and (7) access to commissary.

9      Plaintiff attempts to bring the following claim: (1) denial of access to administrative
10 remedy forms; (2) denial of free speech and access to the courts in violation of the First
11 Amendment; (3) denial of medical care under the Eighth Amendment; (4) denial of property in
12 violation of the Fifth Amendment; (5) cruel and unusual punishment relating to the conditions of
13 confinement under the Eighth Amendment; and (6) illegal search and seizure under the Fourth
14 Amendment.

**III.**

**DISCUSSION**

**A.     Bivens**

Not all constitutional cases against federal officers for damages may proceed as Bivens claims. There is a two-part test to determine whether a Bivens action may proceed. Ziglar v. Abbasi, 582 U.S. 138-139 (2017).  To determine whether a Bivens claim is cognizable, a court first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar v. Abbasi, 582 U.S. at 139).  That is, the Court must determine whether the claim presents a new context from the three cases the Supreme Court has allowed to proceed under Bivens: Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980). If the answer is no, the claim may proceed. If the answer is yes, the court must apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens to the

action. Ziglar, 582 U.S. at 136.

In Egbert, the Supreme Court explained that the essential determination is "whether there is any reason to think that Congress might be better equipped to create a damages remedy." 596 U.S. at 492. If any rational reason exists to defer to Congress to establish a remedy, courts "may not recognize a Bivens remedy." Id. Further, the existence of alternative remedial structures within the BOP can be a "special factor" to hesitate in finding an available Bivens remedy.

Turning to Plaintiff's claims, the Supreme Court has never recognized a Bivens remedy under the First Amendment and the Ninth Circuit has also refused to extend a Bivens remedy to a claim under the First Amendment. Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) (citing Iqbal, 556 U.S. at 675; Bush v. Lucas, 462 U.S. 367, 368 (1983)); Lee v. Matevousian, 2018 WL 5603593, at *3-4 (E.D. Cal. Oct. 26, 2018) (declining to infer Bivens remedy for First Amendment retaliation and denial of access to courts claims). Since Ziglar v. Abbasi, the Ninth Circuit has declined to extend the Bivens remedy to claims brought under the First Amendment. See Schwarz v. Meinberg, 761 F. App'x 732, 734-35 (9th Cir. 2019) (finding denial of access to courts claim was a "new Bivens context" and declining to extend private right of action).

The Ninth Circuit has also declined to extend Bivens to claims relating to unsanitary cell conditions. See Schwarz v. Meinberg, 761 F. App'x 732, 733–34 (9th Cir. 2019). In addition, the Ninth Circuit has found a Fifth Amendment procedural due process claim presents a new Bivens context in the prisoner context and thus is not a viable claim. See, e.g., Vega v. United States, 881 F.3d 1146, 1153–54 (9th Cir. 2018). Additionally, to state a cognizable due process claim, a plaintiff must first identify a protected life, liberty, or property interest of which he has been deprived. Board of Regents v. Roth, 408 U.S. 564, 570–71 (1972). Plaintiff has not failed to do so as he alleges only that his personal property was confiscated because of the prison "shake down." (ECF No. 1 at 8-9). The Ninth Circuit has previous found that the deprivation of property involved a new Bivens context and is not an actionable claim. See Jackson v. McNeil, No. 20-35991, 2023 WL 3092302, at *1 (9th Cir. Apr. 26, 2023). Although Plaintiff alleges the unavailability of a grievance process deprived him of access to the courts, (ECF No. 1 at 4-5), exhaustion is excused under § 1997e when a grievance process is unavailable, and Plaintiff

4

1  cannot show "actual injury" to demonstrate a cognizable claim. See Sapp v. Kimbrell, 623 F.3d
2  813, 823 (9th Cir.2010); see also Schwarz, 761 F. App'x at 734 ("Schwarz's access to courts
3  claim under the First and Fifth Amendments . . . constitute[s] [a] new Bivens context[ ].").
4        The Ninth Circuit has recently determined that a denial of medical treatment can proceed
5  under Bivens, in specific circumstances, if the individual prison staff acted with deliberate
6  indifference to a serious medical need. Watanabe v. Derr, 115 F.4th 1034, 1043 (9th Cir. 2024).
7        The test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091,
8  1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical
9  need by demonstrating that failure to treat a prisoner's condition could result in further significant
10 injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations
11 omitted.) Second, the plaintiff must show that the defendant's response to the need was
12 deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or
13 failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
14 indifference." Id. Indifference "may appear when prison officials deny, delay or intentionally
15 interfere with medical treatment, or it may be shown by the way in which prison physicians
16 provide medical care." Id. (internal citations omitted). However, an inadvertent or negligent
17 failure to provide adequate medical care alone does not state a claim under § 1983. Id.
18       "A difference of opinion between a physician and the prisoner – or between medical
19 professionals – concerning what medical care is appropriate does not amount to deliberate
20 indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891
21 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d
22 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012)
23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). Rather, Plaintiff "must show that
24 the course of treatment the doctors chose was medically unacceptable under the circumstances
25 and that the defendants chose this course in conscious disregard of an excessive risk to [his]
26 health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks
27 omitted).) In addition, "[m]edical malpractice does not become a constitutional violation merely
28 because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in

1  part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

2  Here, Plaintiff fails to allege an objectively serious medical need. Plaintiff alleges that he
3  was approved for the medication assistance program (MAT) program due to his drug addiction.
4  He was denied access to health care and went through serious withdrawal, depression, anxiety,
5  sleep deprivation, and there was no doctor to see him to address him feelings of hopelessness.
6  (ECF No. 1 at 7.) These conclusory allegations do not present an objectively serious medical
7  need under the Eighth Amendment. Plaintiff's claim that he suffered from an anxiety, depression,
8  and lack of sleep due to his lack of participation in the MAT program, lacks sufficient factual
9  details to find it constitutes a serious medical need. See Jett, 493 F.3d 1091, 1096 (9th Cir. 2006)
10  (a serious medical need that a failure to treat "could result in further significant injury or the
11  unnecessary and wanton infliction of pain."); see also Mendez v. Morales, 2025 WL 566200, at
12  *12 (E.D. Cal. Feb. 20, 2025) (finding prisoner's leg cramps did rise to the level of a serious
13  medical need under the circumstances); Doty v. Cnty. of Lassen, 37 F.3d 540, 546 (9th Cir. 1994)
14  (holding prisoner's "mild stress-related ailments," which included headache, nausea, and
15  depressed appetite, did not establish a serious medical need). Plaintiff's allegations failure to
16  demonstrate that his conditions significantly impaired his ability to perform daily activities or
17  otherwise presented a substantial risk of further harm. See Colwell v. Bannister, 763 F.3d 1060,
18  1066 (9th Cir. 2014) ("[A serious medical] need exists if failure to treat the injury or condition
19  could result in further significant injury or cause the unnecessary and wanton infliction of pain.
20  Indications that a plaintiff has a serious medical need include the existence of an injury that a
21  reasonable doctor or patient would find important and worthy of comment or treatment; the
22  presence of a medical condition that significantly affects an individual's daily activities; or the
23  existence of chronic and substantial pain." (internal quotations, alterations, and citations
24  omitted)). Plaintiff must provide sufficient facts to plausibly allege that his anxiety, depression,
25  lack of sleep, and lack of participation in the MAT program was so severe that failure to treat
26  promptly would result in the "unnecessary and wanton infliction of pain."

27  Second, even if Plaintiff demonstrated a serious medical need, he does not link or allege
28  who was responsible for the denial of medical care. See Farmer v. Brennan, 511 U.S. 832, 837

(1994) (prison official is deliberately indifferent only if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.). Accordingly, Plaintiff fails to state a cognizable claim for relief.

### B.     FTCA

In 1946, Congress passed the FTCA, "which waived the sovereign immunity of the United States for certain torts committed by federal employees." Brownback v. King, 592 U.S. 209, 212 (2021) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)); see also 28 U.S.C. §§ 1346(b)(1), 2674.

The FTCA is a limited waiver of sovereign immunity and allows for the United States to be held liable for certain specified state tort actions, including negligence resulting in personal injury. 28 U.S.C. § 1346(b). The FTCA provides the exclusive remedy for torts committed by federal employees acting within the scope of their employment. Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000). Because the remedy is against the United States and not against individual employees, the United States is the only proper defendant for such a claim. 28 U.S.C. § 2679(b); Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). Under the FTCA, the United States can be held liable for state torts "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, but not for constitutional tort claims, FDIC v. Meyer, 510 U.S. at 478.

To state a claim under the FTCA, a plaintiff must allege facts that support his tort claim and satisfy the elements of a claim in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b)(1); United States v. Olson, 546 U.S. 43, 45–46 (2005). Under California law, to state a claim the plaintiff must show that the "defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." Brown v. USA Taekwondo, 483 P.3d 159, 164 (Cal. 2021) (quoting Nally v. Grace Cmty. Church, 47 Cal. 3d 278, 292 (1988)).

In this instance, Plaintiff fails to set forth any factual or legal circumstances giving rise to a claim under the FTCA. Indeed, Plaintiff makes only passing reference to the FTCA in his complaint. There are not sufficient allegations to demonstrate that any Defendants' actions or

inactions specifically resulted in harm under the FTCA.  As such, Plaintiff has not provided each of the Defendants sufficient notice of the specific claims against them under the FTCA.  See Fed. R. Civ. P. 8.  Consequently, without any linkage between the actions or inactions of each individual Defendant and the harm alleged, Plaintiff's claims are nothing more than speculation, devoid of factual support.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge